**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000084
09-AUG-2012
11:12 AM**

NO. CAAP-12-0000084


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HELEN E. PAGLINAWAN, individually and
as Trustee of the Helen E. Paglinawan,
A Revocable Living Trust, Plaintiff-Appellee,
v.
MICHAEL S.C. ROMPEL and KARLA LIMA ROMPEL,
Defendants-Appellants

———————————————

MICHAEL S.C. ROMPEL and KARLA LIMA ROMPEL,
Counterclaim-Plaintiffs,
v.
HELEN E. PAGLINAWAN, individually and
as Trustee of the Helen E. Paglinawan,
A Revocable Living Trust, Counterclaim-Defendant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC10-1-9873)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we do not

have jurisdiction over Defendants/Counterclaim-Plaintiffs/

Appellants Michael S.C. Rompel and Karla Lima Rompel's (the

Rompel Appellants) appeal from the Honorable Michael K. Tanigawa's January 10, 2012 judgment, because the district court has not yet expressly resolved all of the parties' multiple claims in this district court case, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) requires for an appeal from a district court civil case.

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The requirement of a separate judgment under HRCP Rule 58 and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), is "not applicable to district court cases." Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253. Nevertheless, a district court judgment or order is not final and appealable unless the judgment or order ends the proceeding by resolving the last remaining cause of action, leaving nothing further to be accomplished. Id. at 426, 984 P.2d at 1252.

In the instant case, the district court has attempted to resolve the claims in this case through a series of three documents: (1) an April 14, 2011 judgment for possession, (2) an October 4, 2011 memorandum of decision, and (3) the January 10, 2012 judgment. Under analogous circumstances, the supreme court has held that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted). However, the April 14, 2011 judgment for possession, the October 4, 2011 memorandum of decision, and the January 10, 2012 judgment do not specifically address and resolve each and every one of the five counts in Plaintiff/Counterclaim-Defendant/Appellee Helen E. Paglinawan's (Appellee Paglinawan) December 21, 2010 first amended complaint and each and every one of the fifteen counts in the Rompel Appellants' December 20, 2010 first amended counterclaim. For example, the April 14, 2011 judgment for possession, the October 4, 2011 memorandum of decision, and the January 10, 2012 judgment do not expressly resolve Count 3 (for breach of implied covenant of good faith and fair dealing) in Appellee Paglinawan's December 21, 2010 first amended complaint, nor do they expressly resolve Count 13 (for assumpsit) in the Rompel Appellants' December 20, 2010 first amended counterclaim. Furthermore, several of the references to causes of action in the October 4, 2011 memorandum of decision and the January 10, 2012 judgment are too vague in that they do not specify the counts to which they relate. Consequently, the January 10, 2012 judgment is not a final judgment that is appealable pursuant to HRS § 641-1(a). Absent written, operative language that expressly adjudicates each and every one of the five counts in Appellee

Paglinawan's December 21, 2010 first amended complaint and each and every one of the fifteen counts in the Rompel Appellants' December 20, 2010 first amended counterclaim, the Rompel Appellants' appeal is premature, and we lack jurisdiction over Appeal No. CAAP-12-0000084. Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000084 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, August 9, 2012.

Presiding Judge

Associate Judge

Associate Judge